## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PATRICK G. FINDLAY,
            Appellant,

     v.

DEPARTMENT OF THE ARMY,
            Agency.

DOCKET NUMBER
PH-1221-19-0145-A-1

DATE: August 8, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Patrick G. Findlay, Bel Air, Maryland, pro se.

Jeffrey P. Meineke, Baltimore, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision that awarded him attorney fees and costs in the amount of $284,508.79. For the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the portion of the addendum initial decision ordering the agency to make payments in the amount of $262,950.00 for attorney's fees, $19,487.54 for litigation costs and expenses, and $2,071.25 for deposition costs, VACATE the portion of the addendum initial decision denying the appellant's request for reimbursement for expert witness or expert consulting fees in the amount of $47,918.75, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant filed an individual right of action (IRA) appeal alleging that the agency took a number of actions against him in retaliation for his protected disclosures. *Findlay v. Department of the Army*, MSPB Docket No. PH-1221-19-0145-W-1, Initial Appeal File (IAF), Tab 1. The appeal was dismissed and subsequently refiled, *see Findlay v. Department of the Army*, MSPB Docket No. PH-1221-19-0145-W-2, Appeal File (W-2 AF), Tab 1, and the agency moved to stay proceedings, notifying the administrative judge that the parties had agreed in principle to settlement terms and were in the process of finalizing a settlement agreement, W-2 AF, Tab 10 at 4.

On April 13, 2020, the parties filed an executed global settlement agreement resolving the Board IRA appeal, as well as the appellant's appeals pending before the Equal Employment Opportunity Commission (EEOC) and any other fora where appeals were pending or could be filed. W-2 AF, Tab 14. Pursuant to the agreement, the appellant agreed to withdraw his Board appeal and all other pending complaints in exchange for the agency's agreement to pay the appellant compensatory damages in the amount of $320,000, as well as the appellant's reasonable attorneys' fees and costs, "with the total amount of such fees to be determined by the [Board] in connection with" the appellant's Board appeal and two pending EEOC complaints. *Id.* at 4-6. The parties also requested

that the settlement agreement be placed into the record in the IRA appeal for enforcement purposes and agreed that the administrative judge would retain enforcement jurisdiction over the appeal. *Id.* at 9. The administrative judge consequently dismissed the appeal as settled. W-2 AF, Tab 15.

The appellant subsequently filed the instant motion for attorney fees and costs and a supplemental motion for fees and costs. *Findlay v. Department of the Army*, MSPB Docket No. PH-1221-19-0145-A-1, Attorney Fee File (AFF), Tabs 1, 4. The motion sought payment of $262,950 in attorney fees for appellant's counsel, as well as reimbursement costs for attorneys' fees paid to appellant's former counsel, deposition costs, travel costs, and expert consultant fees paid to C.H. and P.P. AFF, Tab 1 at 4-5, Tab 4 at 4-5. The agency filed a response in opposition to the fee petition, stating that, while it did not generally object to fees sought by the appellant's current and former counsel, and agreed that the deposition and attorney travel costs appeared reasonable, it did object to the request for reimbursement for fees paid to the purported expert witnesses, asserting that it was unclear what role either played in assisting the appellant with his appeal and that the appellant had not identified any legal authority that obligated the agency to reimburse him for their fees. AFF, Tab 6 at 1. After an unsuccessful effort to settle the fees issue, IAF, Tabs 7-10, the parties filed additional pleadings addressing the issue of reimbursement for C.H. and P.P., AFF, Tabs 12-13.

On December 3, 2020, the agency submitted a revised response in which it acknowledged that it had already paid the appellant the $320,000 in compensatory damages pursuant to the negotiated settlement agreement, and that it agreed to reimburse the appellant for fees paid to his former counsel, travel costs, deposition costs, and miscellaneous costs. AFF, Tab 17 at 4-5; W-2 AF, Tab 14 at 4-6. However, the agency maintained its previous objection to the payment of purported expert witness fees to C.H. and P.P. *Id.* at 6. On December 22, 2020, the administrative judge issued an order awarding attorneys' fees in the amount of

$295,000 for appellant's counsel, $2,071.25 in deposition costs, and $19,487.54 in reimbursement for fees the appellant paid to his previous attorneys, and for travel costs and miscellaneous costs. AFF, Tab 19 at 2-3. The order noted that the remaining disputed issue—the appellant's entitlement to reimbursement for work performed by C.H. and P.P.—would be addressed in an addendum initial decision. *Id.* at 3.

In an addendum initial decision, the administrative judge incorporated his findings from the previous order, granting in part the appellant's fee motion, awarding the appellant $262,950[2] in attorneys' fees, $2,071.25 in deposition costs, and $19,487.54 in reimbursement for litigation costs and expenses. AFF, Tab 22, Addendum Initial Decision (AID) at 4-5, 7. However, the administrative judge denied the appellant's request for reimbursement for purported expert witness fees paid to C.H. and P.P. AID at 8-10.

The appellant timely filed a petition for review challenging the administrative judge's finding in the addendum initial decision denying his request for reimbursement of fees paid to C.H and P.P. Petition for Review (PFR) File, Tab 1. The agency filed an untimely response in opposition to the petition for review, as well as a motion to accept the filing as timely, and the appellant has filed an objection to the agency's motion. PFR File, Tabs 3, 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant argues that the administrative judge improperly mischaracterized C.H and P.P. as "expert consultants" instead of "expert witnesses" and erred by disallowing his request for reimbursement for fees he paid to them. PFR File, Tab 1 at 4-8, 13-15, 17-20, 23-24. He also alleges that the administrative judge was biased or showed favoritism and challenges his rulings on prehearing and other discovery-related motions in the settled IRA

---

[2] In doing so, the administrative judge corrected a typographical error in the prior order incorrectly identifying the fee award amount as $295,000 instead of $262,950. AID at 5, 7 n.3.

appeal. *Id.* at 9-13. Additionally, he asserts that the administrative judge "chastised" him during the proceedings below and suggests that he felt pressured by the administrative judge into accepting the terms of the settlement agreement. *Id.* at 12-13. Finally, the appellant alleges that the counsel provided by his attorney during the proceedings was inadequate or ineffective. *Id.* at 16-22.

The agency's response to the petition for review was untimely filed without good cause shown for the delay.

In a motion to accept its response as timely, the agency representative asserts that on May 7, 2021, he witnessed several emails arrive in his email inbox several hours after they were sent, and that over the course of the next several days he began to discover other emails that he believed arrived in his inbox well after they were originally sent, including the email notification for the Petition for Review acknowledgement letter issued by the Board on March 29, 2021. PFR File, Tab 2, Tab 5 at 5. He avers that by that time, the April 20, 2021 deadline to respond to the petition for review or to request an extension of time to respond had long passed, but he nevertheless filed a response "as quickly as he could" thereafter, on May 12, 2021. PFR File, Tab 3, Tab 5 at 5. The agency representative further states that on March 29, 2021, his eyes were "glued" to his email inbox because he was awaiting another important email message, and so it was unlikely that he missed the Board's acknowledgement letter, and further notes that another attorney in the agency complained about computer problems that day. PFR File, Tab 5 at 5. Although he acknowledges that it is possible that he "merely overlooked or ignored the email in question," he nevertheless suggests that it may have been a technical error that caused him to miss his response filing deadline, and requests that his response be accepted as timely filed. *Id.*

The Board's regulations provide that e-filers are responsible for ensuring that email from mspb.gov is not blocked by filters. 5 C.F.R. § 1201.14(j)(2) (2021). Further, e-filers are responsible for monitoring case activity at e-Appeal to ensure that they have received all case-related documents. 5 C.F.R.

§ 1201.14(j)(3). The agency representative was a registered e-filer and thus was responsible for monitoring filings and issuances in this case. Accordingly, we find the agency's response to the petition for review was untimely filed without good cause shown for the delay in filing, and we deny the motion to waive the time limit and have not considered the response to the petition for review.

<u>We remand the appeal for the administrative judge to make a finding regarding whether the claimed expert witness costs were reasonable.</u>

We turn now to consider the administrative judge's findings awarding the appellant requested fees and costs. In the addendum initial decision, the administrative judge first determined that, because the requests for $262,950 in fees for the appellant's then-attorney, $2,071.25 in deposition costs, and $19,487.54 in reimbursement for prior attorneys' fees and litigations costs and expenses were unopposed, the agency was ordered to pay those costs. AID at 8, 10. We find no error in the administrative judge's finding in this regard and affirm that portion of the addendum initial decision.

However, the administrative judge denied the appellant's request for reimbursement for fees paid to C.H. and P.P., concluding that he was not entitled to recovery of those costs. AID at 8-10. Specifically, the administrative judge concluded that, although the settlement agreement did not identify the appellant as a prevailing party for the purpose of his entitlement to fees and costs, because the agency had not challenged the administrative judge's characterization of the appellant as a prevailing party in the initial decision dismissing the appeal as settled, he would analyze the fee award request in light of 5 U.S.C. § 1221(g), with the appellant considered a prevailing party. AID at 8-9; W-2 AF, Tab 15 at 2 n.2. He concluded that, while section 1221(g)(1)(A)(ii) permits payment of compensatory damages for expert witness fees, the statute is silent regarding reimbursement of costs for "non-attorney consultants," and both the settlement agreement and the motion for attorney fees identified C.H. and P.P. as "expert consultants" and not expert witnesses who would be called upon to testify at the

hearing. AID at 9. He further noted that neither P.P. or C.H. were listed as potential witnesses in the appellant's discovery responses, lending further credence to the conclusion that they were consultants and not expert witnesses. AID at 9. Finally, he determined that, even if the definition of "expert witness" in section 1221(g)(1)(A)(ii) was expanded to include fees paid to consultants serving in a nontestimonial capacity, that section identifies such costs as "compensatory damages," and the executed settlement agreement specifically addressed the appellant's entitlement to compensatory damages, agreeing that he would be paid $320,00 to resolve such claims, so the appellant was not entitled to any additional compensation for this type of damages. AID at 9.

Unlike cases where a party asserts that it is entitled to an award of attorney fees under the relevant fee statute, the parties in this case agreed to an award of attorney fees and costs as part of their negotiated settlement agreement. W-2 AF, Tab 14 at 6-7; *see* AFF, Tab 4 at 4-5; Tab 17 at 4-5. By the terms of the settlement agreement, the agency agreed "[t]o pay Appellant's reasonable attorneys' fees and costs, with the total amount of such fees to be determined by the [] Board" in connection with the appellant's IRA appeal and his two EEO complaints. W-2 AF, Tab 14 at 6. The agreement further stated that the fee award could include reimbursement for fees paid to the appellant's former attorneys, identified the agreed-upon billing rate for the appellant's then-attorney for the purpose of calculating the fees, and identified the expected billing rates for the claimed experts in the event the Board ordered the payment of such fees. *Id.* Nothing in the language of the agreement identified that fees or costs should be denied because they were not among the types of fees identified in section 1221(g)(1)(A). *See Martin v. Department of Justice*, 99 M.S.P.R. 59, ¶ 20 (2005) (recognizing that the centerpiece of the Board's analysis in construing terms of a written settlement agreement is the plain language of the agreement), *aff'd*, 188 F. App'x 994 (Fed. Cir. 2006). Under these circumstances, it was improper for the administrative judge to consider the appellant's motion for

attorneys' fees pursuant to section 1221(g).[3] *See, e.g., Greco v. Department of the Army*, 852 F.2d 558, 561 (Fed. Cir. 1988) (concluding that, because the settlement agreement provided for the payment of attorney fees, it was unnecessary to determine whether the employee was entitled to fees under section 7701(g)(1); *Sherrell v. Department of the Navy*, 92 M.S.P.R. 15, ¶¶ 2, 4 (2002) (finding that an appellant did not have to satisfy the "prevailing party" or "interest of justice" standards of section 7701(g)(1) when the entitlement to fees was based on a settlement agreement in which the agency agreed to pay "reasonable attorney fees and costs").

Finally, we note that in *Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 9-16 (2017), the Board overturned prior precedent and found that the source of its authority to enforce settlement agreements is independent of the Board's jurisdiction over the underlying matter appealed. The Board found that conclusion to be consistent with not only the law, but also public policy considerations. *Id.*, ¶¶ 17-21. Thus, the Board is not precluded from awarding reasonable costs associated with the appellant's claims, pursuant to the plain terms of the parties' settlement agreement. Consequently, the administrative judge in this case must determine what costs were reasonable under the terms of the settlement agreement. Accordingly, we find that remand is necessary for the administrative judge to give full effect to the settlement agreement by determining whether the sole remaining costs in dispute, the appellant's request for reimbursement of expert witness or expert consultant fees

---

[3] We also note that, although the administrative judge analyzed the appellant's "prevailing party" status in light of 5 U.S.C. § 1221(g), that provision is also inapplicable here because in order to receive attorneys' fees and costs under that section, the Board must have "order[ed] corrective action under [the] section" authorizing IRA appeals, which did not occur in this case because the parties agreed to settle the appeal. AID at 8-10; *see Auker v. Department of Defense*, 86 M.S.P.R. 468, ¶¶ 4-14 (2000) (finding that the administrative judge erred by considering whether a fee award was warranted under section 1221(g) when the appellant's IRA appeal was dismissed as settled, concluding instead that the fee award should have been considered under the general fee statute, 5 U.S.C. § 7701(g)(1), which does not require a finding that the Board ordered corrective action).

amounting to $20,562.50 for C.H. and $27,356.25 for P.P., were reasonable. *See Jones v. Department of Health and Human Services*, 56 M.S.P.R. 311, 314-15 (1993) (remanding the appeal to the regional office for a determination of the reasonable amount of attorneys' fees when the settlement agreement indicated that the appellant was entitled to a reasonable amount of attorney fees in an amount "to be determined by the Board"); *see also Sowa v. Department of Veterans Affairs*, 96 M.S.P.R. 408, ¶ 11 (2004) (recognizing that an administrative judge is in the best position to evaluate attorney fee requests).

The appellant's remaining arguments are unavailing.

Regarding the appellant's assertion that his attorney was inadequate or ineffective, it is well settled that the presence of inadequate counsel does not constitute a ground for reversal since the appellant is held responsible for the action or inaction of his counsel. *Sparks v. Department of the Interior*, 62 M.S.P.R. 369, 371 (1994); *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). Accordingly, even if true, the appellant's assertion provides no basis to disturb the addendum initial decision.

With respect to the appellant's allegations of bias or favoritism in relation to the administrative judge's rulings on prehearing motions and other discovery-related matters in the IRA appeal, those allegations relate to the settled IRA appeal and not the instant addendum fee appeal, so we need not consider them. PFR File, Tab 1 at 9-13. Nevertheless, even if we were to consider the appellant's claims, they would not compel a different result here. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies all administrative adjudicators. *Washington v. Department of the Interior*, 81 M.S.P.R. 101, ¶ 7 (1999). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed.

Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant's bare assertions here do not meet this rigorous standard.[4] *See Williams v. Equal Employment Opportunity Commission*, 64 M.S.P.R. 436, 438-39 (1994) (concluding that an appellant's disagreement with an administrative judge's discovery ruling is insufficient to warrant a finding of bias).

**ORDER**

For the reasons discussed above, we AFFIRM the portion of the addendum initial decision ordering the agency to make payments in the amounts of $262,950.00 for attorney's fees, $19,487.54 for litigation costs and expenses, and $2,071.25 for deposition costs, VACATE the portion of the addendum initial decision denying the appellant's request for reimbursement in the amount of $47,918.75 for claimed expert witness or expert consulting fees, and REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[4] To the extent the appellant suggests on review that the settlement agreement is invalid or alleges that he felt pressured to accept the terms of the agreement, these arguments challenging the validity of the settlement agreement must be raised in a petition for review of the initial decision that dismissed the appeal as settled, so we have not considered them here. PFR File, Tab 1 at 12-13; *see Linares-Rosado v. U.S. Postal Service*, 112 M.S.P.R. 599, ¶ 6 (2009).